**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

---

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

  **v.**                                    **Civil Action No.** <u>25-8122</u>

**STATE OF ILLINOIS,**

        **Defendant.**

---

## COMPLAINT

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges as follows:

## STATEMENT OF THE CASE

1.    This is a civil action brought against the State of Illinois ("State" or "Defendant") pursuant to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9606, 9607.

2.    The United States seeks reimbursement of costs incurred and to be incurred by EPA and the Department of Justice ("DOJ") for response actions at the NPL-8 subarea ("NPL-8" or "Site") of the Ottawa Radiation Areas Superfund Site in Ottawa, Illinois, and interest on those costs. The United States also seeks a declaratory judgment, pursuant to CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), declaring that the Defendant is liable for any future response costs that the United States may incur in connection with response actions that may be performed

at the Site.  Finally, the United States seeks injunctive relief requiring the Defendant to abate

conditions at the Site that may present an imminent and substantial endangerment to the public

health or welfare or the environment because of actual or threatened releases of hazardous

substances into the environment at and from the Site.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action and personal

jurisdiction over the parties hereto under 28 U.S.C. §§ 1331 and 1345, and pursuant to Sections

106, 107, and 113(b) of CERCLA, 42 U.S.C. §§ 9606, 9607, and 9613(b).

4.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1345(a) and

CERCLA Section 113(b), 42 U.S.C. § 9613(b), and 28 U.S.C. §§ 1391(b), because the releases

and threatened releases of hazardous substances that gave rise to these claims occurred in this

District.

## GENERAL ALLEGATIONS

5.      Pursuant to CERCLA Section 105, 42 U.S.C. § 9605, EPA placed the Ottawa

Radiation Areas Site on the CERCLA National Priorities List in July of 1991, after discovering

radiation contamination in and around the City of Ottawa, LaSalle County, Illinois.

7.      The Ottawa Radiation Areas Site consists of sixteen subareas contaminated by

radioactive materials.  The subareas are scattered in and around the City of Ottawa.

8.      The subarea at issue in this complaint is NPL-8.  NPL-8 consists of two properties

located about one mile east of the Ottawa city limits, along the Fox River, as depicted on the Site

map (Attachment A).  The Landfill Property is approximately 17 acres and was formerly used as

a municipal dump.  The Frontage Property is approximately four acres and borders the Fox

River.

2

9.     From approximately 1920 to 1932, the Radium Dial Company operated in Ottawa. From approximately 1932 to 1978, Luminous Processes, Inc. ("LPI") operated in Ottawa.  Both companies were subsidiaries of the Radium Chemical Company, which has been defunct since 1981.  Both Radium Dial and LPI used radium sulfate paint to create glow-in-the-dark luminous dials.

10.     During these companies' operations, their equipment, materials, buildings, and surrounding work areas became contaminated with Radium-226, the major isotope of radium sulfate.

11.     From before 1937 until approximately 1955, the City of Ottawa operated a landfill on the NPL-8 Landfill Property.

12.     Waste contaminated with Radium-226 from Radium Dial and LPI was dumped at the City landfill at the NPL-8 Landfill Property and is found elsewhere in the subareas around the City, including the NPL-8 Frontage Property.

13.     EPA selected a remedial action to be implemented at NPL-8 in a final Record of Decision ("ROD") signed on September 8, 2000.  In brief, the ROD requires excavating soil contaminated with radium-226 above 6.2 pCi/g, processing the excavated soil to separate out the contaminated portion, backfilling the excavated areas with clean material, and disposal of the contaminated material at a licensed radioactive material or off-Site landfill.  The remedial action was largely to be implemented on the NPL-8 Landfill Property.

14.     EPA later discovered additional areas of contamination at the NPL-8 Frontage Property and selected a further remedial action to be implemented there in a ROD signed on September 24, 2003.  The selected remedy is similar to that for the Landfill Property, but it also

includes the collection and treatment of perched groundwater and discharge to Ottawa's wastewater treatment system.

15.    The Defendant acquired NPL-8 in 1937, intending it for future recreational uses.

16.    The Defendant is a "person" within the meaning of CERCLA Section 101(21), 42 U.S.C. § 9601(21).

17.    Radium-226 is a "hazardous substance" within the meaning of CERCLA Section 101(14) and 107(a), 42 U.S.C. §§ 9601(14) and 9707(a).

18.    NPL-8 is a "facility," within the meaning of CERCLA Sections 101(9) and 107(a), 42 U.S.C. §§ 9601(9) and 9707(a).

19.    The Defendant is a current "owner," within the meaning of CERCLA Sections 101(20) and 107(a)(1), 42 U.S.C. §§ 9601(20) and 9607(a), of a facility.

20.    The dumping, deposit or placing of waste contaminated with Radium-226 and other hazardous substances, at NPL-8, constitutes "disposal" within the meaning of CERCLA Section 101(29) of CERCLA, 42 U.S.C. §§ 9601(29), and Section 1004(3) of the Solid Waste Disposal Act, 42 U.S.C. § 6903(3).

21.    The Defendant is an owner of a facility at the time of disposal of a hazardous substance at the facility within the meaning of CERCLA Sections 101(20) and 107(a)(2), 42 U.S.C. §§ 9601(20) and 9607(a)(2).

22.    At times relevant to this action, there have been "releases" and "threatened releases" of a "hazardous substance" from a "facility" into the environment at NPL-8, within the meaning of CERCLA Sections 101(22) and 107(a), 42. U.S. C. §§ 9601(22), and 9607(a).

23.    The United States has incurred "response costs" relating to NPL-8 within the meaning of CERLCA, Section 101(25), 42 U.S.C. § 9601(25), in responding to the releases and threatened releases of hazardous substances into the environment at the Site.

24.    The response costs related to NPL-8 were incurred by the United States in a manner not inconsistent with the National Contingency Plan (NCP).

25.    The Defendant is: (i) an owner of a facility from which there were releases of hazardous substances, or threatened releases of hazardous substances, which caused the incurrence of response costs, within the meaning of CERCLA Section 107(a)(1), 42 U.S.C. § 9607(a)(1); and/or (ii) a person who at the time of disposal of a hazardous substance owned a facility at which such hazardous substances were disposed and from which there were releases of hazardous substances, or threatened releases of hazardous substances, which caused the incurrence of response costs, within the meaning of CERCLA Section 107(a)(2), 42 U.S.C. § 9607(a)(2).

## FIRST CLAIM FOR RELIEF
(Cost Recovery by the United States Under CERCLA Section 107, 42 U.S.C. § 9607)

26.    Paragraphs 1-25 are realleged and incorporated herein by reference.

27.    Pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a), the Defendant is liable to the United States for response costs incurred and to be incurred by the United States in connection with the Site, including enforcement costs, prejudgment interest on such costs, and all future costs of any response actions that may be performed at the Site.

## SECOND CLAIM FOR RELIEF
(United States' Claim for Injunctive Relief Under CERCLA Section 106, 42 U.S.C. § 9606)

28.    Paragraphs 1-25 are realleged and incorporated herein by reference.

29.    There is or may be an imminent and substantial endangerment to the public health or welfare or the environment because of actual or threatened releases of hazardous substances into the environment at and from the Site.

30.    Pursuant to CERCLA Section 106(a), 42 U.S.C. § 9606(a), Defendant is subject to injunctive relief to abate the danger or threat presented by releases or threatened releases of hazardous substances into the environment at and from the Site.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court:

1.    Enter judgment in favor of the United States and against the Defendant for all response costs incurred by the United States, including prejudgment interest, for response actions in connection with NPL-8;

2.    Order the Defendant to abate the conditions at the Site that may present an imminent and substantial endangerment to the public health or welfare or the environment;

3.    Enter a declaratory judgment in favor of the United States and against the Defendant pursuant to Section 113(g)(2), 42 U.S.C. § 9613(g)(2), that the Defendant is liable for any unreimbursed future response costs that the United States incurs in connection with the NPL-8, not inconsistent with the NCP;

4.    Award the United States its costs of this action; and

5.    Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,


ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

/s/Matthew Indrisano
Matthew Indrisano
Senior Counsel
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone – (202) 514-1398
Email – matthew.indrisano@usdoj.gov


ANDREWS S. BOUTROS
United States Attorney

NIGEL B. COONEY
Assistant United States Attorney
Northern District of Illinois
219 South Dearborn Street
Chicago, Illinois 60604
Phone – (312) 353-1996
Email – nigel.cooney@usdoj.gov